# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-20391-CR-GAYLES

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**KELVIN NUNEZ,**

    **Defendant.**

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Kelvin Nunez's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (the "Motion"). [ECF No. 49]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is denied.

**I.    BACKGROUND**

Defendant is currently incarcerated at the Federal Correctional Institution, Beckley ("FCI Beckley") and has a projected release date of December 13, 2021. On December 19, 2020, the Court sentenced the Defendant to 27 months' imprisonment followed by two years of supervised release for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). [ECF No. 39]. To date, Defendant has served almost 17 months of his 27-month term.

Defendant filed his first request for compassionate release with the Warden of FCI Beckley on August 11, 2020; the Warden denied the request. Defendant now files the instant motion asking the Court to grant him compassionate release and modify his sentence of imprisonment to home confinement for the balance of time remaining, followed by the original two-year supervised

release period. Defendant alleges that conditions at FCI Beckley may make him susceptible to contracting COVID-19 in prison. [ECF Nos. 49, 52]. However, Defendant fails to allege, nor do his medical records establish, that he has any medical conditions that make him more susceptible to a severe case of COVID-19.

## II. LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes,* No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative right to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with the applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a) (2018). Courts must also find that the defendant is "not a danger to the safety of any other person or to the community . . . ." U.S. Sentencing Guidelines Manual § 1B1.13(2) (U.S. Sentencing Comm'n 2018).

Thus, to grant the Motion, the Court must make specific findings that: (1) Defendant exhausted his administrative remedies; (2) the § 3553(a) sentencing factors support Defendant's release; (3) extraordinary and compelling reasons warrant the Defendant's request; and (4) the Defendant is not a danger to the safety of other persons or the community. The burden lies with the Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

## III. DISCUSSION

The Court denies the Motion because (1) the Defendant fails to establish extraordinary and compelling reasons warranting his early release; (2) the § 3553 sentencing factors do not support a modification to his sentence; and (3) he poses a danger to the safety of other persons and to the community.[1]

### A. Defendant fails to establish extraordinary and compelling reasons warranting his early release.

Defendant fails to allege extraordinary and compelling reasons for his early release under 18 U.S.C. § 3582(c)(1)(A). Though undefined in the statute, extraordinary and compelling reasons under the Sentencing Guidelines include:

**(A) Medical Conditions of the Defendant.**

(ii) The Defendant is--

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

---

[1] Based on his request to the Warden, the Court finds that Defendant has exhausted his administrative remedies.

> that substantially diminishes the ability of the defendant to provide self-care
> within the environment of a correctional facility and from which he or she
> is not expected to recover.

U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1. The Center for Disease Control and Prevention (the "CDC") delineates several conditions and risk factors that increase the risk of contracting COVID-19, including people 65 years and older and people with certain underlying medical conditions. *See People Who Are at Higher Risk for Severe Illness*, Ctrs. for Disease Control & Prevention (Apr. 15, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jun. 4, 2021).

Defendant acknowledges that he does not suffer from any medical illnesses or conditions that would increase the severity of illness if he were to contract COVID-19. *See* [ECF No. 52].[2] Rather, Defendant relies on the COVID-19 pandemic generally and the conditions at FCI Beckley to establish extraordinary and compelling reasons for compassionate release. The Court does not find that the general conditions at FCI Beckley, without more, constitute extraordinary and compelling reasons warranting Defendant's compassionate release. [ECF No. 54].

**B.     Section 3553(a) factors do not support a modification of Defendant's sentence.**

Section 3553(a) requires a court to "impose a sentence sufficient, but not greater than necessary," when considering a sentence of imprisonment. 18 U.S.C. § 3553(a). The Court must consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed" to "reflect the seriousness of the offense," "afford adequate deterrence," and "protect the public;" (3) "the kinds of sentences available;" (4) "the sentencing range;" (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities;" and (7) "the need to provide restitution to any victim . . . ." *Id.*

---

[2] According to the Defendant's BOP medical records, Defendant is in good health, maintains a healthy body weight, and falls below the relative age of 65 that would increase the possible risk of COVID-19.

The Court, considering the § 3553(a) factors at the time of sentencing, concluded that a term of 27 months' imprisonment and two-years' supervised release was appropriate in this case. Aside from the COVID-19 conditions and administrative management of the pandemic at FCI Beckley, Defendant has not provided any additional, convincing basis to persuade the Court that the sentence imposed should be modified based upon § 3553(a) factors. *United States v. Harris*, No. 2:12-cr-140-FtM-29DNF, 2020 WL 1969951, at *2 (M.D. Fla. Apr. 24, 2020) (citing *United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release"). The Court thus finds that the factors outlined in 18 U.S.C. § 3553(a) do not support a modification of Defendant's sentence.

**C.     Defendant poses a danger to the safety of others and to the community.**

In establishing whether a Defendant is a danger to the safety of others and to the community, the Court considers: (1) "the nature and circumstances of the offense charged;" (2) "the weight of the evidence against" Defendant; (3) "the history and characteristics of" Defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." *See* 18 U.S.C. § 3142(g).

Defendant has prior convictions for attempted second degree murder with a weapon, armed robbery with a firearm, and kidnapping with a weapon. *See* PSI ¶ 26. Although Defendant has completed post-conviction rehabilitation programs, these do not negate the significance of Defendant's criminal history. For this reason, the Court finds that Defendant remains a danger to the community such that compassionate release is not warranted.

## IV.   CONCLUSION

For the reasons set forth above, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Compassionate Release [ECF No. 49] is **DENIED.**

**DONE AND ORDERED in Chambers at Miami, Florida, this** Monday, June 28, 2021**.**

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE